FILED

DEC 12 2012

Clerk, U.S. District and
Bankruptcy Court

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 08-353 (RCL)
)
MELQUAN ALI )
)
Defendant. )

## MEMORANDUM OPINION

Before the Court is defendant Melquan Ali's Motion [33] to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). Upon consideration of defendant's Motion [33], the Probation Office's memorandum [34], the government's Opposition [36], defendant's Reply [37], the government's Sur-Reply [38], the defendant's Response [39] to the Government's Sur-Reply, the entire record herein, the applicable law, and for the reasons set forth below, defendant's Motion will be granted in part and denied in part. Defendant's term of imprisonment will be reduced from 87 months to 60 months, but all other relief will be denied.

### I. BACKGROUND

On November 25, 2008, a grand jury returned a five-count indictment in this case. Presentence Investigation Report ¶ 1, 2d Revision May 26, 2010, ECF No. 30 ("PSR"). On February 26, 2009, defendant pleaded guilty to Count 1, Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base ("crack") in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(iii), and Count 5, Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year in violation of 18 U.S.C. § 922(g)(1), of the indictment. *Id.* ¶¶ 1, 3. Defendant accepted that he was responsible for 9.3 grams of crack, 105.3 grams of cocaine hydrochloride, and 25.6 grams of

1

marijuana, and that he possessed a firearm during the drug offenses. *Id.* ¶ 4. For Count 1, his base offense level was 24, *id.* ¶ 19, but because of he failed to appear for sentencing the defendant received a two-point increase in his offense level calculation, *id.* ¶ 23, and he received an additional two-point increase for possessing two firearms during the offense, *id.* ¶ 20. Thus, his total offense level for Count 1 was calculated at 28, *id.* ¶ 27, with a Criminal History Category of II, *id.* ¶ 32, yielding a sentencing range under the U.S. Sentencing Guidelines ("Guidelines") of 87 to 108 months. *Id.* ¶ 65. At the time, the mandatory minimum sentence under 21 U.S.C. § 841(a)(1) & (b)(1)(B)(iii) was five years. Additionally, the defendant could have been sentenced to a maximum of 10 years on Count 5. *Id.* ¶ 64. On March 25, 2010, The Honorable James Robertson sentenced defendant to 87 months of incarceration on Counts 1 and 5, to run concurrently. Defendant now requests a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendments 748 and 750 to the Guidelines.

## II.  LAW

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule provides that:

> [I]in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The Guidelines for possession and distribution of crack have been reduced a number of times, most recently in response to the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, which took effect on August 3, 2010. The pre-

FSA crack sentencing guidelines were greatly criticized for their disproportionately harsh treatment of crack versus powder cocaine possession and distribution. *See, e.g., Dorsey v. United States*, 132 S. Ct. 2321, 2328–29 (2012). Under the pre-FSA guidelines, there was a 100-to-1 disparity in the amount of crack cocaine necessary to trigger strict mandatory-minimum sentences. *Id.* The FSA lowered that disparity to 18-to-1. *Id.* at 2328. The United States Sentencing Commission promulgated Emergency Amendment 748, which became effective on November 1, 2010, and lowered the guidelines ranges for crack offenses. *U.S. Sentencing Guidelines Manual (USSG) App. C. Vol. III.* Amendment 750, which made the new lower sentencing ranges established by Amendment 748 permanent, took effect on November 1, 2011. *Id.* And, the most recent policy statement made Amendment 750 retroactive. *USSG* § 1B1.10.

However, the Sentencing Commission's revised policy statements state that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement *do not constitute a full resentencing of the defendant.*" *USSG* § 1B1.10(a)(3) (emphasis added). Indeed, the Supreme Court held in *Dillon v. United States* that "Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." 130 S. Ct. 2683, 2691 (2010). The Court is thus bound by the limited nature of relief provided by § 3582(c)(2) and U.S.S.G. § 1B1.10. *See United States v. Dunphy*, 551 F.3d 247, 251–52 (4th Cir. 2009) ("§ 3582(c)(2) and U.S.S.G. § 1B1.10 are narrow provisions that allow a limited reduction of sentence by the amount specified in an amendment, while prohibiting a complete reevaluation"); *United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002) (holding that § 3582(c)(2) authorizes "a reduction of sentence" and not a "full resentencing"); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (citation omitted) (holding that a motion pursuant to § 3582(c)(2) "is not a do-over of an original sentencing

proceeding"). Thus, even though changes in the Guidelines may be applied retroactively, those changes do not affect a sentence that is controlled by a statutory mandatory minimum—that is, 3582(c)(2) cannot be used to resentence a defendant below the then applicable mandatory minimum sentence. *Dorsey*, 132 S. Ct. at 2327 ("[O]rdinarily no matter what the Guidelines set forth, a sentencing judge must sentence an offender to at least the minimum prison term set forth in a statutory mandatory minimum.") (citing 28 U.S.C. § 994(a), (b)(1); *USSG* § 5G1.1; *Neal v. United States*, 516 U.S. 284, 289–290, 295 (1996)); *see also See United States v. Cook*, 594 F.3d 883, 891 (D.C. Cir. 2010). The exception to this rule applies where Congress has expressly provided that a new criminal statute, which alters or repeals an older criminal statue, shall apply retroactively. *Dorsey.* 132 S. Ct. at 2330 (citing 1 U.S.C. § 109 ("saving statute")).

In *Dorsey*, the Supreme Court determined that the FSA applies retroactively only to those defendants sentenced after the FSA took effect on August 3, 2010, regardless of when they were convicted. *Id.* at 2335. However, the Supreme Court foreclosed any expansion of the FSA's retroactivity, noting that its decision would "create a new set of disparities. But those disparities, reflecting a line-drawing effort, will exist whenever Congress enacts a new law changing sentences (unless Congress intends re-opening sentencing proceedings concluded prior to a new law's effective date)." *Id.* Moreover, the D.C. Circuit has made clear that the FSA does not apply retroactively to defendants convicted and sentenced before its enactment. *See United States v. Bigesby*, 685 F.3d 1060, 1066 (D.C. Cir. 2012).

III. ANALYSIS

When defendant pleaded guilty to possession of 9.7 grams of crack cocaine, 105.3 grams of cocaine hydrochloride, and 25.6 grams of marijuana, and that he possessed a firearm during the drug offenses, his Guidelines range was calculated at 87 to 108 months, and Judge Robertson

imposed the minimum sentence under the guidelines—87 months. The mandatory minimum applicable at the time was 5 years for the crack offense. Under the 2012 Guidelines, when the drugs are converted into their marijuana equivalency they yield a total of 54.2959 kg of marijuana. Prob. Mem. 5 April 13, 2012, ECF No. 34; *USSG* §2D1.1 Commentary ¶ 8(D). This would leave the defendant with a total offense level of 24 and a Criminal History Category of II, yielding a sentencing range of 57 to 71 months with no mandatory minimum sentence. Prob. Mem. 1. Defendant argues that his sentence should be reduced to 57 months based on the FSA's lower mandatory minimums and the new Guidelines sentencing range. Def.'s Mot. Reduce 1–2, Apr. 12, 2012, ECF No. 33. The Government does not oppose a reduction to 60 months, but opposes any further reduction. Opp. 2, May 1, 2012, ECF No. 36.

The law is clear: 3582(c)(2) proceedings cannot be used to sentence a defendant below the statutory mandatory minimum in effect at the time of sentencing unless that mandatory minimum has been retroactively reduced by Congress. *See Dorsey.* 132 S. Ct. at 2330. Because the FSA's new mandatory minimums are not retroactive, *See Bigesby*, 685 F.3d at 1066, the Court has no authority under § 3582(c)(2) to sentence the defendant to a term of less than 60 months incarceration.

### III. CONCLUSION

For the reasons stated above, the defendant's Motion [33] to reduce his sentence will be granted in part and denied in part. The defendant's sentence will be reduced to a term of 60 months. The Court will deny the defendant's request for a further reduction to the post-FSA minimum sentence under the Guidelines of 57 months.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on December 11, 2012.